# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>(1) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANTA FE COUNTY, NM;<br><br>(2) DEREK WILLIAMS, Warden, individually and in his official capacity;<br><br>(3) MICHAEL OLIVER, Deputy Warden, individually and in his official capacity;<br><br>(4) CARLOS MARKMAN-LOPEZ, Major, individually and in his official capacity, and;<br><br>(5) JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,<br><br>    Defendants. | No. 1:18-cv-00305-PJK-SCY |

## ORDER GRANTING MOTION TO DISMISS IN PART

THIS MATTER came on for consideration of Defendant Board of County

Commissioners of the County of Santa Fe's Motion to Dismiss for Lack of Jurisdiction

filed May 2, 2018 (ECF Nos. 12 (motion) & 32 (reply))).  At this point, the Board of County Commissioners seeks dismissal of the claims for declaratory and injunctive relief against it.  ECF No. 32, at 2, 5.  Whether these claims are moot is a legal question that may be considered pursuant to a Fed. R. Civ. P. 12(b)(1) motion.  See Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1126 (10th Cir. 2010).  Upon consideration thereof, the court finds that the motion is well taken and should be granted.

Background

Plaintiff Human Rights Defense Center (HRDC) brought this action seeking declaratory relief, damages, preliminary and permanent injunctive relief, compensatory damages, punitive damages, and costs and attorney's fees.  ECF No. 17, at 10 (Amended Complaint).  Defendant Board of County Commissioners (County) operates the Santa Fe County Adult Correctional Facility (institution).  Id. at 3.  HRDC is a "not-for-profit charitable organization" that seeks to "educate prisoners and the public" about the "economic and social costs of prisons to society."  Id.  It pursues this objective through advocacy as well as "the publication and/or distribution of books, magazines, and other information concerning prisons and prisoner rights."  Id.  HRDC sent its self-published magazine, Prison Legal News, as well as several softcover books to inmates at the institution.  Id. at 6.  The magazines were apparently received, but the softcover books were allegedly censored and not delivered to the intended inmates.  Id.  "Eighty-five books were returned to HRDC in their original packaging with writing on the outside stating either 'Against Policy Unauthorized Material' or 'Return to Sender Refused.'"  Id.

2

"Further, Defendants failed to provide HRDC any notice or opportunity to appeal these censorship decisions." Id. at 7. HRDC claims that these policies violated HRDC's First Amendment rights as well as its due process rights under the Fourteenth Amendment.

After HRDC filed the present suit, the institution immediately reformed its mail and book policies. HRDC recognizes that these policies now "conform with minimum procedural safeguards of due process required by the Fourteenth Amendment to the U.S. Constitution, as well prevent the arbitrary censorship of publications sent by HRDC in violation of its free speech rights under the First Amendment." ECF No. 21, at 2. The County then filed the instant motion to dismiss.

HRDC maintains that (1) the prior conduct of the defendants will affect current and future behavior, thus the claims for declaratory relief are not moot, and (2) the voluntary cessation of unlawful conduct in response to litigation (after the County was aware of the problem) does not moot the claim for injunctive relief. Id. at 3–7. According to HRDC, an injunction is necessary to prevent any repetition of unlawful conduct and ensure that the County does not shirk its constitutional obligations. Id. at 7. The court is not persuaded and concludes that the injunctive and declaratory portion of the lawsuit against the County is moot.[1]

## Mootness

Because the County has voluntarily stopped the alleged violation, "a voluntary-cessation evaluation" is required to determine if HRDC's declaratory and injunctive

---

[1] This order does not address the claims against the individual defendants. See ECF No. 32, at 1 n.1. In view of the court's mootness determination, Plaintiff's Motion for Preliminary Injunction filed April 2, 2018 (ECF No. 2) should also be denied.

3

claims against the County are moot. Rio Grande, 601 F.3d at 1122; see also Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1492 (10th Cir. 1993). A defendant claiming mootness in these circumstances must have changed course for a reason other than to avoid the court's jurisdiction. Rio Grande, 601 F.3d at 1115. Voluntary cessation will moot such claims "if two conditions are satisfied: '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Id. (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). This is a "heavy burden" that the defendant must carry. Id. at 1116.

Applying the two-part test from Rio Grande, the court concludes that HRDC's claims for declaratory and injunctive relief against the County are now moot. First, there is no reasonable expectation that the alleged violation will reoccur. Both the warden and deputy warden of the institution have provided affidavits declaring that they have no intention of amending the new mail policy. ECF No. 12-1, at 2; ECF No. 12-2, at 2. Furthermore, staff members have been trained regarding the new policy, suggesting a real change in policy. ECF No. 12, at 8.

HRDC contends that the County was aware for more than a year that books were not allowed, citing a complaint by a mother of an inmate, but the County only changed its policy in response to this litigation. ECF No. 21, at 5. HRDC speculates that the County could abandon the new policy and revert to the old one, or adopt another unconstitutional policy. But HRDC provides no concrete evidence this will occur and "the 'mere possibility' that [the institution] might rescind amendments to its actions or regulations

4

does not enliven a moot controversy." Rio Grande, 601 F.3d at 1117 (quoting Ala. Hosp. Ass'n v. Beasley, 702 F.2d 955, 961 (11th Cir.1983)).  HRDC's concerns are completely speculative; at this point, there is no reasonable expectation that the alleged violation will reoccur.

Second, the effects of the alleged violation have been remedied with administrative action.  The County has provided its new policies (effective as of April 30, 2018) concerning receiving books and mail at the institution and has conducted training with all employees that deal with mail.  ECF No. 12, at 8; ECF No. 12-1, at 4.  HRDC concedes that the new policy meets the "procedural safeguards of due process required by the Fourteenth Amendment" as well as HRDC's "free speech rights under the First Amendment."  ECF No. 21, at 2.  Were the court to declare the institution's superseded policies unconstitutional, it would not affect the behavior of any of the parties in this case.  See Jordan v. Sosa, 654 F.3d 1012, 1024–25 (10th Cir. 2011).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendant Board of County Commissioners of the County of Santa Fe's Motion to Dismiss for Lack of Jurisdiction filed May 2, 2018 (ECF Nos. 12 (motion) & 32 (reply)) is granted to the extent that the Plaintiff's claims for declaratory and injunctive relief against the County are dismissed.  In all other respects, the motion is either moot or denied.  The County shall answer as to any remaining claims within 14 days.  Fed. R. Civ. P. 12(4)(A).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Preliminary Injunction filed April 2, 2018 (ECF No. 2) is denied.

DATED this 21st day of June 2018, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation