# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> (1) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANTA FE COUNTY, NM; <br><br> (2) DEREK WILLIAMS, Warden, individually and in his official capacity; <br><br> (3) MICHAEL OLIVER, Deputy Warden, individually and in his official capacity; <br><br> (4) CARLOS MARKMAN-LOPEZ, Major, individually and in his official capacity, and; <br><br> (5) JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities, <br><br> Defendants. | No. 1:18-cv-00305-PJK-SCY |

## ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

THIS MATTER came on for consideration of the Individual Defendants' (Derek

Williams, Michael Oliver, and Carlos Markman-Lopez) Motion to Dismiss Plaintiff's

Amended Complaint in Lieu of an Answer filed July 5, 2018 (ECF No. 39). Upon consideration thereof, the motion is well taken as to the named individual defendants and should be granted.

Background

Plaintiff Human Rights Defense Center (HRDC) brought this civil rights action, 42 U.S.C. § 1983, seeking declaratory relief, nominal damages, preliminary and permanent injunctive relief, compensatory damages, punitive damages, and costs and attorney's fees. ECF No. 17, at 10 (Amended Complaint). HRDC contends that the Board of County Commissioners (County) and the named individual defendants violated its First and Fourteenth Amendment rights by rejecting 85 books sent to inmates at the Santa Fe County Adult Correctional Facility (institution) and by failing to provide HRDC adequate due process concerning these rejections. ECF No. 44 at 1–2; ECF No. 17, at 6. It bears noting that HRDC's monthly publication, *Prison Legal News*, was delivered to inmates. ECF No. 17, at 6. The County adopted a new policy (acceptable to HRDC) in response to this litigation. ECF No. 21, at 2. Subsequently, the court dismissed HRDC's claims for declaratory and injunctive relief against the County as moot and denied a motion for a preliminary injunction. ECF No. 36.

The named individual defendants are Derek Williams, Warden; Michael Oliver, Deputy Warden; and Carlos Markman-Lopez, a Major at the institution. HRDC alleges that they are all employed by and agents of the County. According to HRDC, the Warden has ultimate responsibility for promulgating and enforcing institution policies,

and is responsible for overall management, including mail processing. ECF No. 17, at 3, ¶ 11. Regarding the Deputy Warden, the first amended complaint recites that "on information and belief" he is personally involved in adopting or implementing the mail policies including oversight. Id. at 3–4, ¶ 12. Finally, the major, according to the first amended complaint, is in charge of promulgation and enforcement of security policies, including those involving the mail. Id. at 4, ¶ 13. HRDC alleges that the conduct of the collective defendants "was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others." Id. at 9–10, ¶¶ 41–49. The individual defendants are sued in both their individual and official capacities. Of course, the official capacity claims against the individual defendants are nothing more than claims against the County. See Brandon v. Holt, 469 U.S. 464, 471–72 (1985); Monell v. Department of Social Servs., 436 U.S. 658, 690 n.55 (1978).

## Discussion

To withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff's allegations must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible only if it contains sufficient factual allegations to allow the court to reasonably infer liability. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Qualified immunity protects public officials from civil damages when their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. 223, 231 (2009).

When a defendant raises qualified immunity in a motion to dismiss, a court reviews the complaint to determine whether the plaintiff's allegations, viewed in the light most favorable to the plaintiff, are adequate to show that (1) a defendant's conduct violated a constitutional or statutory right, and (2) the right was clearly established when the violation occurred. Ashcroft v. Al-Kidd, 563 U.S. 731, 735 (2011). This analysis requires consideration of the acts alleged against each defendant; handling the analysis collectively is never the right approach. Matthews v. Bergdorf, 889 F.3d 1136, 1144 (10th Cir. 2018).

The individual defendants contend that they must be dismissed because the plaintiff has failed to allege facts tending to show personal participation on the part of each defendant vis-à-vis the potential constitutional violation: collective action in and of itself will rarely suffice. The individual defendants remind the court that the above recitations do not tend to show deliberate, intentional action aimed at violating the plaintiff's rights. Instead, they are largely conclusions that fail to differentiate the individual defendants.

In response, plaintiff argues that supervisors may be held liable even if they did not take the actions complained of where the supervisor was somehow responsible for the continued operation of a policy, caused the constitutional harm, and acted with the necessary state of mind. ECF No. 44, at 3–4 (citing Wilson v. Montano, 715 F.3d 847, 856 (10th Cir. 2013)). Plaintiff submits that the above recitations are adequate. In the event the court determines that referencing the defendants collectively is inadequate, plaintiff requests leave to file an amended complaint. Id. at 3 n.3

The individual defendants have the better argument. The amended complaint simply alleges no facts suggesting personal participation by any individual defendant in the rejection of the books or the aftermath, let alone supervisory liability based upon the (now-changed) policy concerning books. See Moya v. Garcia, No. 17-2037, — F.3d —, 2018 WL 3356160, at *2 (10th Cir. July 10, 2018); Brown v. Montoya, 662 F.3d 1152, 1164–65 (10th Cir. 2011). Supervisory liability is a possibility where "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). For supervisory liability, a subordinate must have violated the plaintiff's constitutional rights, and there must be an affirmative link between the supervisor and the alleged constitutional violation. Dodds, 614 F.3d 1185, 1209 –11 (Tymkovich, J. concurring). Here, the bare assertions in the amended complaint do not plausibly suggest that the individual defendants had a hand in the book policy or its application by others, let alone acted with a deliberate state of mind. See Iqbal, 556 U.S. at 1951–52.

Insofar as amendment, the local rules require such a request be accompanied by a draft amended complaint. D.N.M. LR-Civ. 15.1.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that the Individual Defendants' (Derek Williams, Michael Oliver, and Carlos Markman-Lopez) Motion to Dismiss Plaintiff's Amended Complaint in Lieu of an Answer filed July 5, 2018 (ECF No. 39) is granted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff may file a motion to amend its complaint within ten days from the date of entry of this order.

DATED this 7th day of August 2018, at Santa Fe, New Mexico.

_____
Paul Kelly, J.
United States Circuit Judge
Sitting by Designation